Cite as 2024 Ark. App. 426

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-136

| | | |
|---|---|---|
| PHILLIP MARTIN | | Opinion Delivered September 18, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE ASHLEY |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 02CR-23-82] |
| STATE OF ARKANSAS | | |
| | | HONORABLE ROBERT B. GIBSON III, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant, Phillip Martin, appeals his convictions of three counts of second-degree battery for having caused physical injury to three law enforcement officers acting in the line of duty in violation of Ark. Code Ann. § 5-13-202(a)(4)(A) (Supp. 2021). Appellant challenges the sufficiency of the State's evidence supporting the circuit court's finding that he injured the officers "knowingly" and "without legal justification." We affirm.

This case involves officers responding to a domestic-disturbance call at the Levee Inn motel. Deputy Derek Hill reported to the motel office where he found Lynsi Scarlett with a bloody cut lip and bruising all over her face. Scarlett did not want to press charges against appellant for beating her up, but she "want[ed] him gone." Hill told her that, given the circumstances, he had to make an arrest.

Deputy Levette Whitfield arrived in her patrol vehicle and found appellant sitting in a chair outside a motel room. Hill informed Whitfield about the situation and told Whitfield to handcuff appellant. Appellant got up from his chair and backed into the motel room repeatedly saying, "I'm not going to jail." Appellant sat on the bed. Hill told appellant to stand up so that he could be handcuffed, and appellant punched Hill in the face, causing Hill to fall backward. Appellant shoved Whitfield into the wall, which caused her to sustain a knot in her shoulder and swelling in her knee. Appellant returned to Hill, jumping on him on the floor where they struggled, and appellant attempted to take Hill's gun. Appellant caused cuts and bruises to Hill's face. With Whitfield's assistance, Hill was able to pepper spray appellant and get out from under him. Hill held appellant at gunpoint until other officers arrived to assist.

Crossett police officer Jacob Meeks responded as backup. Appellant lunged at him, struck Meeks with his shoulder, and knocked Meeks off his feet. Meeks sustained a knee injury from the fall. A fourth law enforcement officer arrived, and they were finally able to subdue appellant and take him into custody. The State presented videotape of the inside of the motel room, which showed the damage to the Sheetrock where Whitfield had been shoved into the wall and showed blood in the room from Hill's injuries.

Appellant did not challenge whether he knew Hill, Whitfield, and Meeks were law enforcement officers. Appellant did not challenge the evidence proving that he caused physical injury to each of them. Appellant's attorney argued that appellant reacted because he did not think he was being legally arrested, so he did not cause injuries to the officers

2

knowingly and without legal justification. The circuit court rejected the argument, sending the case to the jury, which found appellant guilty on all three battery charges. This appeal followed.

When the sufficiency of the evidence is properly challenged on appeal, we must decide whether there is substantial evidence to support the verdict; substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another. *Hall v. State*, 2011 Ark. App. 49. In determining whether the evidence is substantial, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *Id.* Since intent can rarely be proved by direct evidence, members of the jury are allowed to draw upon their common knowledge and experience to infer it from the circumstances. *Id.* Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Smith v. State*, 2023 Ark. App. 57, 660 S.W.3d 622. A person acts "knowingly" with respect to: (A) The person's conduct or the attendant circumstances when he or she is aware that his or her conduct is of that nature or that the attendant circumstances exist; or (B) A result of the person's conduct when he or she is aware that it is practically certain that his or her conduct will cause the result. Ark. Code Ann. § 5-2-202(2) (Repl. 2013).

Appellant's first argument rests on the notion that he did not believe he was being legally arrested, thus "justifying" his actions in causing physical injury to the officers. We reject that argument. Resisting or refusing to submit to arrest is a crime, and it is no defense

to a prosecution for that crime that the law enforcement officer lacked legal authority to make the arrest if the law enforcement officer was acting under color of his or her official authority. Ark. Code Ann. § 5-54-103(a) (Repl. 2016). Appellant had declared to the officers that he was not going to jail for allegedly having beat up Ms. Scarlett, and he attacked and injured three officers in his attempt to make good on that declaration.

Appellant next argues that it was improper for the officers to attempt to arrest or handcuff him when he had retreated into the motel room where he maintained constitutionally protected privacy rights. This argument is raised for the first time on appeal, and we do not address such arguments. *Hicks v. State*, 2024 Ark. App. 316.

We hold that the State presented sufficient evidence to sustain the three convictions for second-degree battery in this case.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.